```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

**LARRY R. ADDISON,**

    **Plaintiff,**

v.                                                       **CIVIL ACTION NO. 1:08-00221**

**AMONATE COAL COMPANY, INC.,**
**and CONSOL ENERGY, INC.,**

    **Defendants.**

## MEMORANDUM OPINION

     Pending before the court is Consol's unopposed Motion to Dismiss.  (Doc. No. 4.)  For the reasons stated below, the motion is granted.

**I. Background**

     The plaintiff Larry R. Addison is a resident of Abington, Virginia.  (Doc. No. 1.)  Apparently, while surveying land for potential hunting sites in McDowell County, West Virginia, the plaintiff drove onto a private logging road, got stuck in the mud, and then, while attempting to get help, walked off a 60 to 90 foot high wall.  (<u>Id.</u> at 11-12.)  He suffered massive injuries including large lacerations to the jaw, missing teeth, bleeding from both ears, and hypothermia.[1]  (<u>Id.</u> at 27.)  On November 9, 2007, the plaintiff brought suit against Amonate Coal Company

---

     [1] The report of Emergency Medical Technician Johnson also revealed that the plaintiff had admitted to consuming two beers and that the plaintiff's father had stated that his son had a problem with drinking and possibly using pills.  (<u>Id.</u> at 27.)

Inc., ("Amonate"), formerly a Virginia corporation, and Consol Energy Inc., ("Consol"), a Delaware corporation, in the Circuit Court of McDowell County, West Virginia.[2] (Id. at 11-16.) The Complaint alleges that the property containing the high wall belonged to Amonate and/or Consol, and that the presence of the high wall was not identified by any sign, fence, or other warning. (Id. at 12-13.) He seeks numerous forms of damages under a theory of negligence and a theory of strict liability. (Id. at 13-15.)

Consol filed a Notice of Removal on April 1, 2008, alleging that this court has jurisdiction to adjudicate the instant matter pursuant to Title 28 United States Code Section 1332 where the parties are completely diverse and the amount in controversy exceeds $75,000.00. (Id. at 1-3.) Particularly, Consol claims that Amonate was fraudulently joined and that this court should dismiss Amonate from the case and assert jurisdiction over the action. (Id.) Shortly thereafter, Consol filed a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss for failure to state a claim upon which relief can be granted. (Doc. No. 4.) The plaintiff did not respond within the time

---

[2] The plaintiff successfully served Consol with a copy of the Summons and Complaint on March 6, 2008, but has not, as of the date of this Memorandum Opinion and Order, served Amonate with a copy of the Summons and Complaint. (Id. at 17.)

provided by Rule 7.1(c) of the Local Rules of Civil Procedure. Accordingly, the motion to dismiss is ripe for review.

**II. Diversity Jurisdiction**

In order to remove a civil action from state court to federal court a defendant must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all state court process, pleadings, and orders. 28 U.S.C. § 1446(a). The notice of removal must be filed within thirty days of the civil action becoming removable. Id. § 1446(b). As stated above, Consol did so here. (Doc. No. 1.)

Civil actions brought in state court, however, may only be removed to federal court if the federal court has "original jurisdiction" over the action. Id. § 1441(a). For purposes of the current matter, "original jurisdiction" exists where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. See id. § 1332(a)(1). The phrase "between citizens of different states" has been interpreted as requiring "complete diversity," i.e., the citizenship of each plaintiff must be diverse from the citizenship of each defendant. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996)(citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

One exception to the "complete diversity" rule is the judicially created doctrine of fraudulent joinder. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)(citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). The fraudulent joinder doctrine allows a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction. Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999)(citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993)).

To avail itself of the fraudulent joinder doctrine, a defendant must prove that (1) plaintiff committed outright fraud in its pleadings, or (2) there is no possibility of stating a claim against the non-diverse, in-state defendant.[3] Mayes, 198 F.3d at 464. The Fourth Circuit has characterized this burden as "heavy." Mayes, 198 F.3d at 462 (explaining that, even after resolving all issues of fact and law in plaintiff's favor, defendants must show that plaintiff cannot establish a claim against the non-diverse defendant).

---

[3] Indeed, the term "fraudulent joinder" is a bit misleading, as the doctrine demands neither a showing of fraud nor a showing of joinder. Mayes, 198 F.3d at 462 (citing Cobb v. Delta Exp., Inc., 186 F.3d 675, 677 (5th Cir. 1999)).

Indeed, the standard is almost draconian.  See Fleming v. United Teacher Assoc. Ins. Co., 250 F. Supp. 2d 658, 662 (S.D. W. Va. 2003).  Courts have characterized it as being even more favorable to the plaintiff than the standard for granting motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Hartley, 187 F.3d at 424-26 ("[O]nce the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends."); Marshall, 6 F.3d at 233 ("A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted."); Harmon v. ING, No. 2:05-0457, 2005 WL 3133492, at *3 (S.D. W. Va. Nov. 23, 2005) (unreported decision) ("[F]raudulent joinder claims are subject to a rather black-and-white analysis in this circuit.  Any shades of gray are resolved in favor of remand.").

Although generally jurisdiction is determined at the time of removal, the court, in ascertaining whether a defendant was fraudulently joined, is not confined solely to the pleadings but may consider evidence outside the pleadings.  Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998) ("The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleading at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties."); Carriere v. Sears, Roebuck & Co., 893 F.2d 98 (5th Cir. 1990)(finding that affidavits and

depositions were properly considered in ruling on motion to remand). The Fourth Circuit has held in the context of fraudulent joinder that "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" AIDS Counseling & Testing Ctr. v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting Dodd v. Fawcett Publ'ns., Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

West Virginia law guides the court in determining whether there is any possibility the plaintiff would be able to establish a cause of action against Amonate in state court. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Here, in the Mountain State, it is quite clear that landowners and/or occupiers only owe trespassers[4] the duty of refraining from willful or wanton injury, Mallet v. Pickens, 522 S.E.2d 436, 446 (W. Va. 1999), and that this determination may be made as a matter of law, Aikens v. Debow, 541 S.E.2d 576, 581 (W. Va. 2000). Moreover, this court

---

[4] Based on the facts and allegations set forth in the Complaint, the plaintiff is a trespasser. Mr. Addison does not claim to have been invited on the property, nor does he claim to have been conducting business with either defendant. See Huffman v. Appalachian Power Co., 415 S.E.2d 145 (W. Va. 1991) (explaining that a trespasser is one who goes upon the property or premises of another without invitation, express or implied, and does so out of curiosity, or for his own purpose or convenience, and not in the performance of any duty to the owner).

is of the opinion that an action against the former owner of a property cannot be maintained, since the former owner has parted with all title, possession and control of the property, thereby shifting all responsibility for the property to the purchaser. See Kimberlin v. Lear, 500 P.2d 1022, 1023 (Nev. 1972).

In its Notice of Removal, Consol demonstrated via affidavits and other documentation that (1) Amonate is in no way affiliated with Consol, (2) Amonate's corporate license was revoked for failure to file annual returns in 1996, and it therefore does not exist as a corporate entity, (3) Amonate does not own property near, above, or below the high wall, and (4) Amonate does not manage or supervise the property near, above or below the high wall. (Doc. No. 1 at 2, 4, 23-24, 32-33.) This uncontested evidence produced by Consol, in addition to a review of the Complaint, shows that Amonate cannot be labeled an owner or occupier, and that the plaintiff has not alleged any willful or wanton act. Accordingly, this court must find that the plaintiff's claim against Amonate is hopeless. A cause of action cannot be established against Amonate and this court must therefore dismiss it from the action as fraudulently joined.

**III. Standard of Review**

When reviewing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted, a court must determine whether the

factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969. As the Fourth Circuit has explained, "[a] complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains 'enough facts to state a claim to relief that is plausible on its face.'" Lainer v. Norfolk S. Corp., No. 06-1986, 2007 U.S. App. LEXIS 28253, at *3 (4th Cir. Dec. 5, 2007) (quoting Twombly, 127 S. Ct. at 1974).

**IV. Analysis**

As stated above, landowners and/or occupiers only owe trespassers the duty of refraining from willful or wanton injury. Mallet, 522 S.E.2d at 446. In its Memorandum in Support of its Motion to Dismiss, Consol cites ample case law supporting its proposition that a "high cliff" or "high wall" is an open and obvious condition for which there is no duty to warn an invitee, much less a trespasser. (Doc. No. 5 at 6-7 (for the list of cases).) The court agrees whole heartedly, particularly noting

that "high cliffs" or "high walls" are almost ubiquitous in West Virginia. Accordingly, the plaintiff's claim is completely implausible and must be dismissed.

## V.  Conclusion

For the reasons stated above, Consol's unopposed Motion to Dismiss (Doc. No. 4) is hereby **GRANTED**. The Clerk is directed to remove this case from the active docket of the court, and send copies of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 16th day of July, 2008.

                        ENTER:

                        David A. Faber
                        United States District Judge